IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARONE & SONS, INC.,<br><br>　　　　Defendant.　　　　　　／ | No. C 05-2391 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

　　　　This is an ERISA action for delinquent contributions to a trust fund. Now before the Court is plaintiff's motion for default judgment. Defendant has not answered the complaint and has not otherwise communicated with the Court. After carefully considering the papers filed by plaintiff, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion for default judgment.

**BACKGROUND**

**A.　Procedural History**

　　　　On June 13, 2005 plaintiff filed this ERISA action to recover delinquent contributions for November and December 2004 and February and March 2005. Plaintiff also seeks liquidated damages for those months, as well as for late payments for the months of June, September, and October 2004 and January and April 2005. Defendant was served with the

complaint on September 19, 2005, but it has failed to answer or otherwise communicate with the Court. Default was entered on October 24, 2005. Plaintiff now moves for entry of default judgment.

**B.     The Evidence In The Record**

Defendant entered into a collective bargaining agreement with the Teamsters (the "cba"). By entering into the cba, defendant agreed to be bound by the terms and conditions of the trust establishing the Teamsters Benefit Trust (the Trust Agreement). The Trust Agreement requires defendant to pay contributions to the plaintiff Trust Fund on behalf of covered workers and provides that contributions are due no later than the first day of the following month. Contributions are considered delinquent unless the plaintiff receives the contribution by the 20th day of the month in which the contributions are due.

The Trust Agreement provides further that the defendant shall pay liquidated damages in the amount of $25.00 or six percent of the amount of the delinquent contribution, whichever is greater, during the two weeks immediately following the date on which payments become delinquent, and 12 percent of the delinquent contribution if the delinquency remains unpaid for more than two weeks following the delinquent date.

The evidence establishes that defendant has failed to make contributions totaling $15,550.96 for the months of November and December 2004 and February and March 2005. The evidence also establishes that defendant made late payments for June 2004, September 2004, October 2004, January 2005, and April 2005. The total liquidated damages owed, including for the months in which no payment was made, is $3,604.98.

Plaintiff has also submitted a declaration that establishes that plaintiff has incurred $8,072.29 in fees and costs in pursuing this action and an additional $225 in fees prior to the initiation of the lawsuit.

**DISCUSSION**

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

2

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

As the allegations of the complaint are accepted as true, and as the evidence establishes that defendant owes plaintiff a sum certain, plaintiff's motion for a default judgment is GRANTED in the total amount of $27,453.23. This amount consists of $19,380.95 for delinquent contributions, liquidated damages and attorney's fees incurred prior to suit, and $8,072.29 for fees and costs incurred in prosecuting this action.

**IT IS SO ORDERED.**

Dated: February 14, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE